# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **PATSY JOHNSON,** | ] |
| **Plaintiff,** | ] |
| v. | ] Case No.: 1:18-cv-01324-ACA |
| **DILLARD'S, INC., et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Higbee SALVA, L.P.'s ("Higbee") motion to dismiss Plaintiff Patsy Johnson's amended complaint. (Doc. 5). This court has diversity jurisdiction pursuant to 28 USC § 1332. Because Higbee's motion relies principally on evidence contained in the record, the court entered an order converting Higbee's motion to dismiss to a motion for summary judgment. (Doc. 9). The motion has been fully briefed and the issues are ripe for review. For the reasons explained below, the court finds that Ms. Johnson's claims against Higbee do not relate back to her initial complaint and are barred by the applicable statute of limitations. Accordingly, the court **WILL GRANT** Higbee's motion for summary judgment and **WILL DISMISS** Ms. Johnson's claims against Higbee **WITH PREJUDICE**.

## I. BACKGROUND

On July 27, 2016, Ms. Johnson allegedly tripped over a rippled area of carpeting at the Dillard's department store in Oxford, Alabama, causing her to fall and injure herself. (Doc. 1-1 at 2). Following the incident, Ms. Johnson retained counsel and prepared to file suit against Dillard's, Inc. ("Dillard's") for failing to properly maintain the carpeted area that allegedly caused her to fall. (Doc. 1-2 at 2). Ms. Johnson's attorney learned of the existence of a relationship between Higbee and Dillard's after researching earlier litigation involving the parties as codefendants and discovering they shared a corporate address. (Doc. 7 at 2). Almost a year after the accident, Ms. Johnson's attorney sent a letter addressed to both Dillard's and Higbee requesting information regarding their respective liability insurance policies. (Doc. 1-2 at 2). Nine months later, Plaintiff's counsel sent a second letter offering to settle Ms. Johnson's claims. (*Id.* at 3–5). The letter included a draft complaint that listed Higbee as a defendant, (*id.* at 8), which Ms. Johnson indicated she would file if it "[was] necessary to pursue litigation," (*id.* at 5).

Ms. Johnson filed this action in the Circuit Court of Calhoun County, Alabama, the day before the statute of limitations ran on her claims. (Doc. 1-1 at 3). Ms. Johnson's initial complaint named Dillard's as a party defendant and included four fictitious defendants. (*Id.*). After the statute of limitations ran, Ms. Johnson amended her complaint to substitute Higbee for "Fictitious Party No. 1" which the

pleading described as "any individual or entity who or which owned or operated the building occupied by the Dillard's store in which Plaintiff tripped and fell." (Doc. 1-1 at 15). In all other respects, the amended complaint is identical to the complaint included in Ms. Johnson's March 27, 2018 letter. Defendants subsequently removed this case to federal court based on diversity jurisdiction. (Doc. 1 at 2).

## II. DISCUSSION

In its motion, Higbee contends it is entitled to summary judgment because the applicable statute of limitations expired prior to Ms. Johnson amending her complaint. (Doc. 5 at 3). Summary judgment is appropriate based on a statute of limitations defense if both the limitations period has expired and no genuine issues of material fact exist regarding when the statute began to run. *See McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 750 (11th Cir. 2000). Under Alabama law, the statute of limitations governing Ms. Johnson's negligence and wantonness claims is two-years. Ala. Code 1975, § 6–2–38. It is undisputed that Ms. Johnson sustained her injuries on July 27, 2016. (Doc. 1 at 5). And, Ms. Johnson acknowledges that the statute of limitations ran on July 28, 2018. (Doc. 7 at 5).

After the statute ran, Ms. Johnson amended her complaint, substituting Higbee for a fictitiously named defendant. (Doc. 1-1 at 15). Because Ms. Johnson added Higbee as a defendant after the applicable statute of limitations expired, the claims

3

would be generally time-barred. *See Henson v. Celtic Life Ins. Co.*, 621 So. 2d 1268, 1274 (Ala. 1993). But, Ms. Johnson contends the amended complaint relates back to the original, timely filed complaint under Rules 9(h) and 15(c), Ala. R. Civ. P. (Doc. 7 at 5).

Because the code of Alabama provides the applicable statute of limitations in this case, the court applies Alabama law governing relation back of amendments. Fed. R. Civ. P. 15(c)(1); *Saxton v. ACF Industries*, Inc., 254 F.3d 959, 963–64 (11th Cir. 2001). Under Alabama's fictitious party rule, a plaintiff is permitted to fictitiously name defendants who may later be substituted to avoid the bar of a statute of limitations under the state relation-back rule. Ala. R. Civ. P. 9(h), 15(c); *see also Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372 (Ala. 1992). A plaintiff's amendment substituting a defendant for a previously named fictitious defendant relates back when: "(1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." *Jones*, 604 So. 2d at 372. If Ms. Johnson knew "the identity of the fictitiously named parties or possesse[d] sufficient facts to lead to the discovery of their identity" when she filed the initial complaint, the amended complaint does not relate back. *Clay v. Walden Jt. Venture*, 611 So. 2d 254, 256 (Ala. 1992).

4

Ms. Johnson argues that the substitution of Higbee for a fictitiously named defendant relates back to the date of the original pleading because she was uncertain as to whether Higbee was a proper defendant. (*Id.* at 6). The court is not persuaded. It is extraordinary to the court that Ms. Johnson argues she lacked the requisite knowledge of Higbee's identity as a potential defendant after: (1) mailing Higbee a letter of representation; (2) requesting information related to its liability insurance; (3) preparing a draft complaint listing Higbee as the sole defendant; and (4) threatening to sue Higbee if her claims were not settled. The court presumes that when an attorney sends a letter demanding settlement, it is based on the good faith belief that the claims alleged against the recipients are viable. Furthermore, Ms. Johnson was aware of some relationship between Higbee and Dillard's for over one year before she filed the initial complaint. Within that period of time, Ms. Johnson should have exercised due diligence to determine the nature of the Higbee–Dillard's relationship and whether it gave rise to a duty on Higbee's part. *Ex parte Nicholson Mfg. Ltd.*, 182 So. 3d 510, 514 (Ala. 2015) (citing *Ex parte Ismail*, 78 So. 3d 399 (Ala. 2011)).

Under these facts, the court finds that Ms. Johnson possessed sufficient information regarding Higbee's identity prior to filing the initial complaint and therefore the amended complaint did not toll the two-year statute of limitations under Alabama's fictitious party rule. Because Ms. Johnson has not created a triable issue

5

of fact concerning whether the claims brought against Higbee in the amended complaint are time barred, Ms. Johnson's claims fail as a matter of law.

## III. CONCLUSION

Accordingly, the court **GRANTS** Higbee's motion for summary judgment and **DISMISSES** Ms. Johnson's claims against Higbee **WITH PREJUDICE**.

**DONE** and **ORDERED** this October 19, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE